

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXXXXX~~
~~WILL WILSON~~
**ATTORNEY GENERAL**

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Opinion No. O-4809

Re: Matter of registering a trade
name for a magazine -- "Esquire"

Dear Mr. Lawson:

Your inquiry with respect to the above subject matter is before us. It reads as follows:

"We are submitting to you herein the file of ESQUIRE, INC., a corporation organized under and by virtue of the laws of Delaware, with its principal business office in Chicago, Illinois.

"This application is for the trade mark and trade name of 'ESQUIRE'. The letter of October 26th in answer to mine of the 14th explains itself.

"You will observe that this corporation has no permit to do business in Texas but their letter would indicate that they solicit sales by a local distributor throughout this state.

"Will you please advise this Department whether or not their method of business and especially its activities through local agents or distributors constitute intrastate or interstate transaction as that term is described in the case of Normandie Oil Corporation vs. Oil Trading Company Incorporated, 163 SW 2nd, 179 (advance sheet).

"Will you also advise this Department whether it is permissible for this Department to approve a trade mark or a trade name for a corporation whose principal business is periodicals or magazines, which corporation does not have a permit to do business in this State, this Department having heretofore refused to approve such applications."

Article 851, of the Revised Civil Statutes is as follows:

"Every person, association or union of working men, incorporated or unincorporated, that has heretofore or

shall hereafter adopt a label, trade mark, design, device, imprint or form of advertisement, shall file the same in the office of the Secretary of State by leaving two fac simile copies, with the Secretary of State, and said Secretary shall return to such person, association or union so filing the same, one of said fac simile copies along with and attached to a duly attested certificate of the filing of same, for which he shall receive a fee of one dollar. Such certificate of filing shall in all suits and prosecutions under this chapter be sufficient proof of the adoption of such label, trade mark, design, device, imprint or form of advertisement, and of the right of such person, association or union to adopt the same. No label, trade mark, design, device, imprint or form of advertisement shall be filed as aforesaid that would probably be mistaken for a label, trade mark, design, device, imprint or form of advertisement already of record. No person, or association shall be permitted to register as a label, trade mark, design, device, imprint or form of advertisement any emblem, design or resemblance thereto that has been adopted or used by any charitable, benevolent or religious society or association, without their consent."

While this Article does not mention corporations, nevertheless, we think it clearly was the intention of the Legislature to include corporation in the more general words actually employed.

Article 10, of the Revised Civil Statutes, declares: "The singular and plural numbers shall each include the other, unless otherwise expressly provided." And Article 23 declares: "'Person' includes a corporation."

So that, the applicant is entitled to file and have recorded its trade name, if the same should not be denied upon the ground that the applicant has no permit to do business in Texas.

There is nothing in Title 23 -- Brands and Trademarks, of the Revised Civil Statutes, that limits the right of an applicant to the registry of a trade name to residents of Texas, or to persons, associations or corporations doing business in Texas. The clear purpose of the statute is to permit such registration by those having an interest in the article, trade-mark, or thing sought to be protected from use generally. It applies as well to non-residents as to residents of the State so far as every right is concerned.

Article 851-B (Vernon's Codification) enacted subsequent to Article 851, confirms our construction. It mentions private corporations as being within the statute.

Moreover, upon this application the Secretary of State is not concerned with the question of the applicant's right to do an intrastate business in Texas at all. The registration and protection of the trade name, as we have shown above, is as much a part of the right to do an interstate business, as it would be to do an intrastate business, and in the absence of evidence to the contrary, the presumption is that the applicant contemplates doing only a lawful business.

The filing and registering of the applicant's trademark in nowise authorizes it to engage in business in Texas, if it otherwise is not permitted as a foreign corporation to carry on business in this State. If the applicant should do business, or attempt to do business in Texas in violation of law, that would present a matter which concerns the Attorney General in the enforcement of the laws.

Trusting that the above answers your inquiry, we are

Very truly yours

APPROVED NOV. 10, 1942                                    ATTORNEY GENERAL OF TEXAS
/s/ Grover Sellers
FIRST ASSISTANT                                          By /s/ Ocie Speer
ATTORNEY GENERAL                                               Ocie Speer
                                                              Assistant

OS-MR:jrb:lm

APPROVED OPINION COMMITTEE
BY BWB, Chairman